# WOODWINDS ASSOC., LTD. v PORTER

Case No. CL-88-002003

County Court, Manatee County

September 9, 1988

## APPEARANCES OF COUNSEL

**Robert A. Farrance** for plaintiff/landlord.

**John E. Dubrule, Gulfcoast Legal Services, Inc.,** for defendant/tenant.

## OPINION OF THE COURT

GEORGE K. BROWN, JR., County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS MATTER having come on for hearing before this Court on August 31, 1988, upon Defendant's Motion to Dismiss and the Court having heard argument of counsel for both parties, having reviewed the pleadings and attachments thereto, and being otherwise fully advised in the premises, it is found from the evidence presented, and thereafter concluded as a matter of law:

1. That the Plaintiff in a Section 8 case seeking to terminate a tenancy at the end of a lease term for a material noncompliance must also adhere to the provisions of Chapter 83.56 of the Florida Statutes.

2. That the Plaintiff failed to comply with Chapter 83.56 in that the termination notice attached to the Complaint alleged curable noncompliances without giving the Defendant an opportunity to cure such noncompliance or alleging in the Complaint that the Defendant had previously been given a notice on another curable noncompliance and that this was the second such curable noncompliance of a same or similar nature and therefore the tenant was not entitled to an opportunity to cure such noncompliance.

3. That this action is dismissed without prejudice to the Plaintiff and Plaintiff hereby is granted ten days in which to file an Amended Complaint.

DONE AND ORDERED in Chambers, Bradenton, Manatee County, Florida, this 9th day of September, 1988.